DAVID P. WAGGONER, CABN 242519
HOMELESS ACTION CENTER
2150 Dwight Way
Berkeley, CA 94704
Phone: (415) 205-8237
Email: dwaggoner@homelessactioncenter.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MATOS,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | CIVIL NO. 5:25-cv-00600-SVK<br>ORDER GRANTING<br>STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the approval of the Court, that Plaintiff's counsel, as Plaintiff's assignee, be awarded attorney fees under the Equal Access to Justice Act (EAJA) in the amount of SEVEN THOUSAND TWO HUNDRED DOLLARS AND ZERO CENTS ($7,200.00) and no costs. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C.§§1920, 2412(d).

Plaintiff was the prevailing party in this matter and Plaintiff is not an individual whose net worth exceeded $2,000,000 at the time the civil action was filed. The position of the Commissioner was not substantially justified and an award of attorney fees is not unjust.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of SEVEN THOUSAND TWO HUNDRED DOLLARS AND ZERO CENTS ($7,200.00) in EAJA attorney fees shall constitute a complete release from and bar to any and all claims Plaintiff, and/or Plaintiff's counsel including the Homeless Action Center, may have relating to EAJA fees, expenses, and/or costs in connection with this action.

After this Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. The ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program and the government will determine whether the fees are subject to an offset. See Astrue v. Ratliff, 560 U.S. 586, 598 (2010). Any payment shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a Federal debt, then the government shall cause the payment of fees and costs to be made directly to Plaintiff's counsel ("Alameda County Homeless Action Center") pursuant to the assignment executed by Plaintiff (attached).

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Dated: September 2, 2026

/s/ *David P. Waggoner*
DAVID P. WAGGONER
HOMELESS ACTION CENTER
Attorneys for Plaintiff

Date: September 2, 2026

CRAIG H. MISSAKIAN
United States Attorney

By: /s/ *Marla K. Letellier*
MARLA K. LETELLIER
Assistant Regional Counsel
Program Litigation 1
Social Security Administration | Law & Policy

Attorneys for Defendant

**~~[PROPOSED]~~ ORDER**

Based upon the parties' Stipulation for the Award and Payment of Equal Access to Justice Act Fees And Costs, IT IS ORDERED that Plaintiff shall be awarded attorney fees in the amount of SEVEN THOUSAND TWO HUNDRED DOLLARS AND ZERO CENTS ($7,200.00) as authorized by 28 U.S.C. §§ 1920, 2412(d), subject to the terms of the above-referenced Stipulation.

Dated: September 2, 2026

Susan van Keulen
THE HONORABLE SUSAN VAN KEULEN
UNITED STATES MAGISTRATE JUDGE